IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Randall Scott Morgan, | ) | |
| | ) | C/A No. 2:05-CV-2035-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** and **OPINION** |
| The Mattress Gallery, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Background

On June 21, 2005, Randall Scott Morgan ("plaintiff") filed a complaint against The Mattress Gallery, L.L.C. ("defendant") in the Court of Common Pleas for Charleston County, South Carolina, alleging five causes of action: (i) termination of employment; (ii) retaliatory discharge; (iii) breach of contract; (iv) violation of the Fair Labor Standards Act ("FLSA"); and (v) violation of the South Carolina Payment of Wages Act ("SCPWA"). On July 18, 2005, defendant removed the case to federal court pursuant to this court's federal question jurisdiction over the FLSA claim. On August 8, 2005, the first and third causes of action (termination of employment and breach of contract, respectively) in the Complaint were dismissed through a Consent Order of Partial Dismissal with Prejudice. On March 28, 2006, defendant filed the current Motion for Partial Summary Judgment as to the second and fifth causes of action. Plaintiff responded on April 21, 2006, conceding summary judgment with regard to the fifth cause of action. Plaintiff also filed a Motion to Stay on the same day, seeking more time for plaintiff to receive medical treatment in order to further assess and determine his damages in regard

to his action for retaliatory discharge. The issues before this court are: (1) whether the entire action should be stayed pending the outcome of further medical treatment, and (2) whether summary judgment should be granted as to the second cause of action.

## II. Facts

On or about March 13, 2004, plaintiff was hired by defendant to deliver mattresses to customers' homes. Plaintiff was compensated on piecework terms, based on the size and number of mattresses he delivered.[1] In his deposition, plaintiff admitted that he was fully compensated for every delivery he made. (Pl's. Dep. at 53.) Plaintiff further admits that whenever discrepancies involving payments arose, the problem was resolved immediately and to his satisfaction.

On May 7, 2004, plaintiff alleges that he suffered an injury to his neck, back, shoulders, and arms when a mattress he was delivering fell on his head. After sustaining the injury, he continued working as a delivery helper until he made his first visit to his chiropractor, Dr. Alan Faulk. Since plaintiff's initial visit to the chiropractor, plaintiff has been unable to perform his duties as a delivery helper and has not been back to work since June 15, 2004.[2] Plaintiff filed for a hearing request with the South Carolina Workers' Compensation Commission on June 28, 2004, after defendant allegedly denied several requests for treatment. Plaintiff alleges he was fired on June 28, 2004, after he

---

[1] For example, plaintiff was paid more for delivering a king sized mattress as opposed to a queen sized or smaller mattress.

[2] Plaintiff's last day at work was June 15, 2004. He was supposed to return to work on June 17, 2004, but he failed to report because he went to his chiropractor instead. (Def's. Mem. at 3.)

called to inform defendant that his medical provider had not released him to return to work.[3]

On June 20, 2005, a hearing was held by the Workers' Compensation Commission, and on January 13, 2006, Workers' Compensation Commissioner Lisa Glover signed an Order stating that plaintiff's injuries were compensable and that defendant must pay for all causally-related medical care, as well as for continuing medical care that is necessary. According to plaintiff, defendant did not appeal the Workers' Compensation Order, and it has allegedly continued to refuse to pay for his ongoing medical treatment. On June 21, 2005, plaintiff filed this action against defendant claiming the aforementioned causes of action.

### III.  Standard of Review

Summary judgment is proper only when there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The moving party has the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). Material facts are those that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  This burden may be met through the use of depositions, sworn affidavits, and other discovery materials. Barwick, 736 F.2d at 958. Consequently, in evaluating a motion for summary

---

[3] Defendant denies plaintiff's allegation that he was terminated from his position, contending that plaintiff abandoned his employment when he failed to return to work after June 15, 2004.

judgment, the court views the record in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). Once the moving party makes the necessary showing, however, the nonmoving party must go forward and produce evidentiary facts to support its contentions. Barwick, 736 F.2d at 958-59. A "mere scintilla" of evidence is not enough to create a fact issue; there must be evidence on which a reasonable jury might rely. Id. In other words, the nonmoving party cannot create a genuine issue of material fact through "mere speculation or the building of one inference upon another." Id. at 963.

## IV.  Analysis

A.  Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on plaintiff's cause of action for retaliatory discharge. Regardless of whether plaintiff quit his job or was terminated, he is unable to recover under § 41-1-80. Section 41-1-80 provides:

> No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law (Title 42 of the 1976 Code), or has testified or is about to testify in any such proceeding.
>
> Any employer who violates any provision of this section is liable in a civil action for <u>lost wages</u> suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section is entitled to be <u>reinstated to his former position</u>.  The burden of proof is upon the employee . . .

S.C. Code Ann. § 41-1-80 (emphasis added).

As this court has stated:

> The purpose of statutes such as § 41-1-80 is to prohibit an employer from discharging an employee because the employee has filed a claim for workers' compensation benefits where the employee is able–not withstanding his on-the-job injury–to perform all the duties of his job. Section 41-1-80 and statutes like it do not, however, require an employer to retain an employee who can no longer perform the duties of h[is] job simply because of h[is] inability to perform the duties results from an on-the-job injury.

Hines v. United Parcel Service, Inc., 736 F. Supp. 675, 677 (D.S.C. 1990).[4] Under Hines, even if plaintiff had been fired as a result of his workers' compensation claim, his cause of action would be fatally deficient because it is undisputed that plaintiff was unable to perform his duties as a delivery helper at the time his employment terminated. Hines, 736 F. Supp. at 677. Plaintiff admits that he has been unable to perform the duties required by his former position since June 15, 2004. Because plaintiff was not able to perform all duties of his job <u>at the time his employment ended</u>, § 41-1-80 does not afford him relief.

Plaintiff argues that he is entitled to "lost wages" under § 41-1-80 because his injury kept him from finding other employment. However, plaintiff's definition of lost wages is not correct. In Campbell v. Bi-Lo Inc., 392 S.E.2d 477 (S.C. Ct. App. 1990), the court stated:

> In Wallace v. Milliken, 389 S.E.2d 448 (S.C. Ct. App. 1990), we stated that the statute allows a wrongfully discharged employee to recover <u>only</u> lost wages and reinstatement. We suggested that "lost wages" consist of back pay, an equitable remedy in the nature of restitution, not legal damages . . .

---

[4] In Hines, the plaintiff was found not to have been discharged in a retaliatory manner because she filed the workers' compensation claim four months after being terminated. However, the court found even if she had been discharged for retaliatory purposes, she was still unable to succeed on the claim because she was unable to perform the duties of her job.

> [i]n general, if a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to the statutory remedy.

Campbell, 392 S.E.2d at 454. Because "lost wages" under § 41-1-80 consists only of back pay, plaintiff is not entitled to a recovery. Plaintiff concedes he has been fully compensated for all work he performed and is not owed any back pay. Because plaintiff is not entitled to any of the remedies provided by §41-1-80, summary judgment is appropriate.

### B.     Plaintiff's Motion to Stay

Plaintiff argues that this court should stay the entire action to allow him to reach maximum medical improvement and determine his damages. As noted above, plaintiff can not recover under § 41-1-80 because he was unable to continue working as a delivery helper at the time of his discharge. Even if plaintiff fully recovers and is able to return to his former job, there is no possibility of a recovery under § 41-1-80; therefore staying this action is inappropriate.

## V.     Conclusion

For the reasons stated above, it is therefore, **ORDERED** that defendant's partial motion for summary judgment as to the second and fifth causes of action is hereby **GRANTED**.  Additionally, plaintiff's motion to stay is **DENIED**.

**AND IT IS SO ORDERED**.

                                                  **David C. Norton**
                                                  **United States District Judge**

**July 6, 2006**
**Charleston, South Carolina**